ORIGINAL #063446

Thomas J. Flaherty
Attorney at Law, OSB 74096
3032 SE Rood Bridge Drive
Hillsboro, Oregon 97123
(503) 245-2500; Fax: (503) 644-8912
stahlco@teleport.com
Attorney for Plaintiff

FILED
AUG 19 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARL L. SEALEY and DONALD W. BARR, | ) | Case No. 05-909C |
| Plaintiffs, | ) | |
| v. | ) | COMPLAINT FOR BREACH OF CONTRACT AND FOR MISREPRESENTATION |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Plaintiffs allege as their

**FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

1.

Plaintiffs bring this action against the defendant for just compensation for the defendant's breach of an agreement and promise made in writing and/or implied, as is explained more fully below. Plaintiffs are both citizens of the United States and retired

///

members of tne United States Marine Corps Reserve. Jurisdiction of this matter is conferred by 28 USC §1346(a), The Tucker Act.

2.

Marine Corps Order 1650 17F, dated 11 December 1986, established the Marine Corps Military Incentive Awards Program throughout the entire United States Marine Corps. This order, having the force of law in and throughout the entire U.S. Marine Corps, set forth and established certain "tangible" and "intangible" monetary awards and benefits available to members of the U.S. Marine Corps based on a mathematical formula set forth in the order for inventions, suggestions and scientific achievements that would produce improvements in military operations and/or would improve the efficiency, economy and productivity in the U.S. Marine Corps and/or the U.S. Armed Forces.

3.

Plaintiffs, in 1988 and 1989, conceived, designed, constructed, tested and manufactured the Crane Lifting System (CLS) for the Logistical Vehicle System (LVS) for the loading and unloading of the USMC "Dragon Wagon" on and off U.S. Navy Logistical Prepositioned Supply Ships (LPS) thereby saving the U.S. Marine Corps and U.S. Army untold millions of dollars.

4.

The U.S. Marine Corps, the U.S. Navy and U.S. Army have fully adopted the CLS/LVS as of 1988 and 1989. Because of the simplicity and efficiency of the CLS/LVS the U.S. Armed Forces have saved several tens of millions of dollars in the loading and unloading of the LVS on and off the LPS. The exact amount of savings has not yet been accurately calculated by the U.S. Armed Forces as provided in the Marine Corps Order.

///

5.

Plaintiffs submitted an application in April, 1989 for a monetary award under the above mentioned Marine Corps Order for the benefits accruing to the U.S. Armed Forces from the CLS/LVS.

6.

Plaintiffs have not been paid as provided for under the Marine Corps Order except for $25,000.00 token payments in 1998 and 2002. Plaintiffs have fully exhausted their administrative remedies. The U.S. Marine Corps refused to pay the plaintiffs and notified them of such in October, 2002.

7.

Plaintiffs have been damaged in a sum based on the mathematical formula set forth in the above mentioned order. Said amount of damages cannot now be determined because the amount of the award must be based on the overall monetary savings to the U.S. Armed Forces due to the CLS/LVS. Said sum can only be determined by the U.S. Armed Forces. The amount of said savings, if actually calculated by the U.S. Armed Forces, has never been disclosed to plaintiffs. To the best of plaintiffs' knowledge and belief, neither the Department of the Navy nor the Department of Defense have ever calculated the amount of money saved by the CLS/LVS.

Plaintiffs allege as their

## SECOND CLAIM FOR RELIEF

## MISREPRESENTATION

8.

Plaintiffs reallege paragraphs 1 through 7 of their First Claim for Relief and include them as though alleged and fully set forth herein.

9.

U.S. Marine Corps Order 1650 17F of 11 December 1986 represented to all members of the U.S. Marine Corps that if one or more of its members invented or suggested anything, idea or method, or way of doing things that would make or produce any improvement in the conduct of military operations and/or improve the efficiency, economy and productivity in the U.S. Marine Corps and/or the U.S. Armed Forces, that individual U.S. Marine would be paid "tangible" and "intangible" monetary awards based on a mathematical formula set forth in the order.

10.

In reliance thereon, plaintiffs thereafter submitted to the U.S. Marine Corps an application for a monetary award in April, 1989 under the above mentioned order for the CLS/LVS which they had conceived, designed, constructed, tested and manufactured for the U.S. Marine Corps, U.S. Navy and U.S. Army.

11.

The defendant failed to pay plaintiffs for their beneficial invention until 1998 and 2002 when only token payments were made. The defendant also failed to calculate the monetary benefits accruing to it from the CLS/LVS as provided for in the order. It failed to pay plaintiffs for their beneficial invention as provided for in the order, all to plaintiffs' damage as set forth below.

12.

Defendant's representations in the order were false and defendant knew said representations were false or, without knowledge of the truth or falsity, recklessly made the representations with the intent that plaintiffs rely on them.

///

13.

At all times mentioned herein plaintiffs were ignorant of the falsity of the representations and did not discover the falsity of defendant's representations until April, 2004.

14.

By reason of the aforesaid false and fraudulent representations plaintiffs have not been paid the tangible and intangible monetary awards as provided for in the order except for the $25,000.00 token payments mentioned above. They have been damaged in a sum which cannot yet be calculated because the defendant has not, and still refuses to calculate the monetary savings accruing to it from plaintiffs' CLS/LVS. Until that monetary benefit is calculated, plaintiffs will not know the total sum of their damages.

15.

Plaintiffs are entitled to an award for attorney fees incurred herein under the Equal Access to Justice Act. 28 USC §2412.

Plaintiffs allege as their

**THIRD CLAIM FOR RELIEF**

**UNJUST ENRICHMENT**

16.

Plaintiffs reallege paragraphs 1 through 15 and include them as though alleged and fully set forth herein.

17.

Defendant has become unjustly enriched by accepting and using plaintiffs' CLS/LVS invention in an amount which it has failed to calculate but which must be in

///

the tens of millions of dollars without paying plaintiffs' as provided for in the Marine Corps order.

18.

By reason of its unjust enrichment defendant is indebted to plaintiffs in an amount as calculated in the Marine Corps order.

**WHEREFORE** plaintiffs pray that a judgment be entered in their favor and against defendant in a sum to be calculated based upon Marine Corps Order 1650 17F and that defendant be ordered to calculate the monetary benefits and savings accruing to it from the CLS/LVS together with plaintiffs' attorney fees, and costs and disbursements incurred herein.

Respectfully submitted,

Thomas J. Flaherty
Attorney for Plaintiffs