IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARL L. SEALEY and<br>RONALD W. BARR,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-909C<br>(Judge Firestone) |

DEFENDANT'S MOTION TO DISMISS

Defendant respectfully moves the Court to dismiss the complaint for lack of jurisdiction. In support of this motion, we rely upon the memorandum which follows, with appendix ("App.").

DEFENDANT'S MEMORANDUM

Plaintiff's Contentions

Messrs. Sealey and Barr " bring this action . . . for just compensation for the [alleged] breach of an agreement and promise made in writing and/or implied . . . ." Complaint, ¶ 1. They allege that "Marine Corps Order 1650 17F, dated 11 December 1986, . . . set forth and established certain 'tangible' and 'intangible' monetary awards and benefits available to members of the U.S. Marine Corps based on a mathematical formula set forth in the order for inventions, suggestions and scientific achievements that would produce improvements in military

operations and/or would improve the efficiency, productivity in the U.S. Marine Corps and/or the U.S., Armed Forces." Id. at ¶ 2. As a basis for an award, they allege that they "in 1988 and 1989, conceived, designed, constructed, tested and manufactured the Crane Lifting System (CLS) for the Logistical Vehicle System (LVS) unloading of the USMC "Dragon Wagon" on and off U.S. Navy Logistical Prepositioned Supply Ships (LPS) thereby saving the U.S. Marine Corps and U.S. Army untold millions of dollars." Id. at ¶ 3. They further allege that that they "submitted an application in April, 1989 for a monetary award under the above mentioned Marine Corps Order for the benefits accruing to the U.S. Armed Forces" and that they have not been paid as provided for under the Marine Corps Order except for $25,000.00 token payments in 1998 and 2002." Id. at ¶ ¶ 5 & 6.

Messrs. Sealey and Barr seek judgment for an unspecified amount beyond the $25,000 that they allege that they already have received in accordance with Marine Corps Order 1650 17F. Id. at ¶ "Wherefore."

## ARGUMENT

The Court's Lacks Jurisdiction To Entertain Plaintiffs' Claim To An Entitlement Of An Award Of More Than $25,000

As we demonstrate below, this Court lacks jurisdiction to entertain plaintiffs' claim for an award of more than $25,000.

As a general proposition, "[m]oney may be paid out only through an

appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute." Office of Personnel Management v. Richmond, 496 U.S. 414, 424 (1990). "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (portion decided en banc). Whether a claim's source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action." Id.

Section 1124, of title 10, provides in pertinent part, as follows:

> § 1124. Cash awards for disclosures, suggestions, inventions, and scientific achievements
>
> (a) The Secretary of Defense . . . may authorize the payment of a cash award to, and incur necessary expense for the honorary recognition of, a member of the armed forces under his jurisdiction who by his disclosure, suggestion, invention, or scientific achievement contributes to the efficiency, economy, or other improvement of operations or programs relating to the armed forces.
>
> (b) Whenever the President considers it desirable, . . . the Secretary of Defense [is] authorized to pay a cash award to, and incur necessary expense for the honorary recognition

> of, a member of the armed forces who by his disclosure, suggestion, invention, or scientific achievement contributes to the efficiency, economy, or other improvement of operations of the Government of the United States. Such award is in addition to any other award made to that member under subsection (a).
>
> * * *
>
> (d) A cash award under this section is in addition to the pay and allowances of the recipient. The acceptance of such an award shall constitute-
>
> (1) an agreement by the member that the use by the United States of any idea, method, or device for which the award is made may not be the basis of a claim against the United States by the member, his heirs, or assigns, or by any person whose claim is alleged to be derived through the member; and
>
> * * *
>
> (f) The total amount of the award, or awards, made under this section for a disclosure, suggestion, invention, or scientific achievement may not exceed $25,000, regardless of the number of persons who may be entitled to share therein.
>
> (g) Awards under this section shall be made under regulations to be prescribed by the Secretary of Defense, . . . .

10 U.S.C. § 1124.

Provisions of the Department of Defense Civilian Personnel Manual (CPM) (12/1996) ("DoD 1400.25-M") governs awards both to civilian and to military personnel. Subparagraphs SC451.8.4 and SC451.8.4.1 implement 10 U.S.C. § 1124 and provide that any award pursuant to section 1124 is limited to $25,000. App. 31-32.

Secretary of the Navy Instruction ("SECNAVINST") 12451.3 (23 May 1988), Department of the Navy Incentive Awards Program, implements 10 U.S.C. § 1124 in the Department of the Navy and provides that a DON Award review panel will review all civilian and military cash awards of more than $7,500. App. 46.

MCO 1650.17F, upon which Messrs. Sealey and Barr rely, " establish[es] objectives, define responsibilities, and prescribe procedures for the administration, operation, and reporting of the Marine Corps Military Incentive Awards Program authorized by SECNAVINST 5305.2 [App. 50 (excerpt); now superceded by Secretary of the Navy Instruction 12451.3]." App. 1. This order provides that "[t]hose Marines contributing suggestions, inventions, and scientific achievements will be eligible to receive cash awards provided that the contribution is considered to be over and above normal job expectancy." App. 4. The order recognizes the authority of the Commandant of the Marine Corps, as follows "[t]he CMC has the

authority to approve awards that do not exceed $7,500 based on tangible or intangible benefits. App. 4. The order provdes that "[t]The acceptance of a cash award shall constitute an agreement that the use of the suggestion by the United States may not be the basis of a claim against the United States." App. 8.

Given the above, Messrs. Sealey's and Barr's first claim under a theory of contract based upon MCO 1650.17F is meritless.[1] To recover under the theory of contract, they must show (1) mutuality of intent to contract, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the Government's representative to bind the government. United Pacific Ins. Co. v. Roche, 401 F.3d 1362, 1366 (Fed. Cir. 2005); accord Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc ) (implied in fact contract). Nothing in MCO 1650.17F and the events which Messrs. Sealey and Barr allege can be read even to suggest an intent on behalf of the Government to contract for the submission of their beneficial suggestions for consideration in excess of $25,000,

---

[1] In Griffin v. United States, 215 Ct. Cl. 710, 714-715 (1978), the court held that 10 U.S.C. § 1124 and implementing Air Force regulations created an implied in fact contract for compensation for a meritorious suggestion. In Army and Air Force Exchange Service v. Sheehan, 456 U.S. 728, 740 (1982), however, the Court read Griffin as one in a series of cases in which "contracts were inferred from regulations promising payment." Assuming that Griffin has any continuing validity as precedent, it does not afford plaintiffs here any basis for relief, because the regulations here do not promise the compensation they seek and because Griffin itself expressly recognizes the $25,000 limitation of 10 U.S.C. § 1124. See 215 Ct. Cl. at 716 n.1.

consideration by either plaintiffs or the Government, "an unambiguous offer and acceptance," and actual authority on behalf of a Government representative to bind the Government to the terms of a contract providing for the relief sought, a judgment for compensation in excess of $25,000, despite prior acceptance of an award.

Messrs. Sealey's and Barr's second claim based upon an alleged tort of misrepresentation is similarly meritless. "It is well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, . . . ." Awad v. United States, 301 F.3d 1367, 1372 (Fed. Cir. 2002) (citing Wood v. United States, 961 F.2d 195, 197 (Fed. Cir.1992)). As we demonstrated above, there is no contract between the United States and plaintiffs and, thus, their claim of misrepresentation, sounding in tort, does not provide a cause of action with an independent basis to cure the absence of a valid, enforceable contract.

Messrs. Sealey's and Barr's third claim of unjust enrichment is similarly infirm. "Quantum meruit is the name given to an implied-in-law remedy for unjust enrichment," which this Court lacks jurisdiction to entertain. American Tel. and Tel. Co. v. United States, 124 F.3d 1471, 1479 (Fed. Cir. 1997) (citations omitted), further proceedings, 307 F.3d 1374 (Fed. Cir. 2002); Haberman v. United States,

26 Cl. Ct. 1405, 1412 n.4 (1992). The Court of Federal Claims does not have jurisdiction to hear claims arising under such an implied-in-law contract theory. Hercules Inc. v. United States, 516 U.S. 417, 423 (1996).

Having allegedly already accepted $25,000 for their suggestion, plaintiffs fail to suggest any proper basis for the Court to entertain their request for further award. Their apparent dissatisfaction with the award they received does not constitute any basis for judicial relief.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

Jules Rothlein, Esq.
Office of Counsel
United States Marine Corps

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8260
Facsimile: (202) 514-7965

January 7, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 7, 2006, a copy of foregoing DEFENDANT'S MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Copies will be provided to –

The Chambers of Judge Firestone

The Chambers of Judge Horn (ADR Judge)

Thomas J. Faherty, Esq.
30321 SE Rood Road Bridge Drive
Hillsboro, OR 97123

/ s/John S. Groat