IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARL L. SEALEY and RONALD W. BARR, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 05-909C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY

Defendant respectfully respond to Messrs. Sealey and Barr's February 3, 2006 response to defendant's motion to dismiss ("Response").[1]

1. In response to our demonstration that Messrs. Sealey and Barr have the burden to demonstrate actual authority to bind the Government, they now contend that "[i]t is sufficient to come within the jurisdiction of the Court of Federal Claims if the plaintiff alleges that someone with authority to bind the government entered into a valid agreement to compensate him for the services rendered." Response at 8 (citing Kaplan v. United States, 139 Ct. Cl. 682, 153 F.

[1] We have refrained from responding to specific assertions made in the lengthly "Statement of Facts" in the response, because we believe the factual assertions therein have no possible bearing upon the Government's motion, which responds to the specific allegations set forth in the complaint. The statement, moreover, does not provide citations to the record, frustrating our attempt to respond and the Court's review, and particular statements appear to be unsupported by the documents filed concurrently under separate cover. Should the Court deem any of the assertions in the "Statement of Facts" in any way relevant, the Government seeks the Court's leave to respond to those statements under separate cover.

Supp. 787 (1957). Kaplan does not support the proposition they assert. In fact, Kaplan holds that "that it is a necessary element of any claim founded upon a contract with the Government, either express or implied, that facts sufficient to show authority to bind the Government contractually should be alleged." 139 Ct. Cl. at 684, 153 F. Supp. at 788 (citations omitted). Accord FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("is the burden of the "party who seeks the exercise of jurisdiction in his favor" . . .[to] "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (citing Warth v. Seldin, 422 U.S. 490, 518 (1975), and McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); see Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993) (discussing burden on party asserting jurisdiction).

Messrs. Sealey and Barr have correctly refrained from suggesting any facts that might suggest that the Commandant of the Marine Corps had statutory or regulatory authority to create an implied-in-fact contract obligating the Government to reimburse them for their suggestion in an amount in excess of $25,000. That omission is completely dispositive of the Court's jurisdiction.

2. Messrs. Sealey and Barr's apparent contention that the Court has jurisdiction under the theory of quantum meruit so as to somehow relieve them the burden of proving an implied-in-fact contract is equally infirm. They contend that

"[i]f consideration passes to the Government then Court of Federal Claims has jurisdiction of a claim based on quantum meruit, as in the case of continued delivery of natural gas after the expiration of written contracts." Response at 10 (citing Service Gas Co. v. United States, 205 Ct. Cl. 16, 500 F.2d 448 (1974)). In fact, Service Gas Co. expressly rejects recovery based upon the receipt of benefits under an implied-in-law contract theory. Service Gas expressly acknowledges and holds that recovery under the Tucker Act based upon a quantum meruit theory requires proof of the traditional elements of an implied-in-fact contract. 205 Ct. Cl. at 23, 500 F.2d 451-52.

3. Finally, the central premise of Messrs. Sealey and Barr's present claim – their contention that MCO 1650.17F properly can be read to suggest a basis for relief – is patently meritless. All person are "charged with knowledge" of statutes and regulations published in the Code of Federal Regulations and this rule applies "regardless of actual knowledge" — or of the hardship resulting from innocent ignorance. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 385 (1947); see 44 U.S.C. § 1507. Thus, MCO 1650.17F must be read in concert with the governing statutes and regulations, which expressly preclude the relief Messrs. Sealey and Barr now seek. See 10 U.S.C. § 1124 & Executive Order No. 11438 (Dec. 3, 1968), 33 F.R. 18085 (as amended by Ex. Ord. No. 12107 (Dec. 28, 1978),

44 F.R. 1055 & Ex. Ord. No. 13286, Sec. 63 (Feb. 28, 2003), 68 F.R. 10629). Moreover, as discussed in our opening brief, MCO 1650.17F itself expressly recites both the limited authority of the Commandant of the Marine Corps ("to approve awards that do not exceed $7,500 based on tangible or intangible benefits") and that "[t]he acceptance of a cash award shall constitute an agreement that the use of the suggestion by the United States may not be the basis of a claim against the United States." The regulation upon which they rely does not support their claim for relief.

Having allegedly already accepted $25,000 for their suggestion, Messrs. Sealey and Barr's fail to suggest any possible legal basis for the Court now to entertain their claim for additional compensation. Their apparent dissatisfaction with the amount of the award they already received does not constitute any basis for judicial relief.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

Jules Rothlein, Esq.
Office of Counsel
United States Marine Corps

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-8260
Facsimile: (202) 514-7965

February 16, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 21, 2006, a copy of foregoing DEFENDANT'S REPLY was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/ s/John S. Groat