FILE COPY

IN THE UNITED STATES COURT OF CLAIMS

JAMES R. GRIFFIN, JR.,

Plaintiff,

v.

UNITED STATES,

Defendant.

No. 178-77

FILED WITH THE COURT OF CLAIMS JUN 23 1977

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JUN 23 1977

Defendant hereby moves that plaintiff's petition herein be dismissed for its failure to state a claim upon which relief can be granted.

Alternatively, if the Court should reach the merits of this case, defendant contends that the awards made to plaintiff were proper in all respects. Accordingly, for the reasons set forth hereinafter, plaintiff's petition should be dismissed. In support of its motion, defendant relies upon the pleadings herein, the administrative record attached hereto,1/ the following brief and exhibits submitted herewith.

Nature of the Case

Plaintiff, James R. Griffin, Jr., is seeking an increase in the amount of a cash award which he received

---

1/ Defendant has attached as Exhibit 1 hereto, the administrative record in this case. However, it should be noted that defendant has been able to locate very few documents relating to this matter as the records were routinely destroyed prior to the initiation of the instant action, pursuant to Air Force Manual 12-50.

154-178-77

as a result of a suggestion made by him to the Air Force pursuant to Air Force Manual 900-4 which suggestion was accepted and implemented by the Air Force.

Questions Presented

1. Whether plaintiff has stated a claim upon which relief can be granted.

2. Whether applicable regulations were followed in computing the award received by plaintiff, assuming the Court reaches the merits.

3. Whether the agency abused its discretion in calculating plaintiff's award, assuming the Court reaches the merits.

Statement of Facts

Plaintiff, James R. Griffin, Jr., is a member of the Air Force. The instant claim is based upon a suggestion submitted by him in April, 1968, under the Air Force Suggestions Program (AFM 900-4).2/ Apparently, plaintiff's suggestion "...deleted the requirement to relocate the autocollimator bench during the MINUTEMAN Force Modernization Program by installing a periscope to relocate the azimuth reference light for the MINUTEMAN III." (See Exhibit 1, p. 14) Plaintiff's suggestion was adopted in PMD 68-5, August 12, 1968. Upon initial consideration

2/ Exhibit 2 hereto.

in 1969, it was determined that the tangible benefits resulting from plaintiff's suggestion amounted to $6.8 million.3/ Accordingly, an award of $7,905 was paid to plaintiff for tangible benefits. (See Exhibit 1, p.20) With respect to intangible benefits, Abner B. Martin, Brigadier General, USAF, Deputy for MINUTEMAN (hereinafter, General Martin), determined that the suggestion had "substantial/general" benefits. (Exhibit 1, p.20) The Maximum allowable award for this category of benefits was $1000. (Exhibit 2, p.5-6, Table 5-2.) Plaintiff was awarded the full amount. (See Exhibit 1, pp. 2 and 20.) Thus, subsequent to the Air Force's adoption of plaintiff's suggestion in August 1968, he received several cash awards totaling $7,905 for "tangible" benefits pursuant to AFM 900-4, para. 5-3b(1) and $1000 for "intangible" benefits pursuant to AFM 900-4, para. 5-3c(1) for a grand total of $8,905.00. The administrative record, as it is now constituted, indicates that this matter was reviewed several times, all with the same results. (See Exhibit 1, pp. 9-11, 12, 16, 19, and 20.)

---

3/ The available records do not show who made this determination nor how this precise figure was derived. However, as it be shown in argument 2, infra, all later attempts to recompute the award within the boundaries and intent of AFM 900-4 consistently led to a lesser award than was computed in 1969.

The Air Force Suggestion Program is authorized under 10 U.S.C. § 1124 4/ and is implemented by Air Force Manual 900-4. The plaintiff seeks damages under that program for the Air Force's alleged failure to compute the amount due him correctly under the Air Force's regulation. He seeks $62,500 in addition to the amount already received.

## Argument

### I. Plaintiff's Petition Fails To State A Claim Upon Which Relief Can Be Granted.

First of all, under the doctrine of sovereign immunity of the United States, no cause of action exists against the United States unless it is expressly created. United States v. Testan, 424 U.S. 392 (1976). Such a "grant of a right of action must be made with specificity." Testan, supra, at page 400. Clearly, no language in 10 U.S.C. § 1124 authorizing the Air Force Suggestions Program remotely resembles a grant of a cause of action. Moreover the statute provides that "[t]he Secretary of Defense . . . may authorize the payment of a cash award to . . . a member of the armed forces...." 10 U.S.C. § 1124(a) [emphasis added]. The statute manifestly places absolute discretion in the Secretary of Defense as to whether and under what conditions awards may be made. Thus, the statute does not provide for review by either the judiciary or any branch of the executive department.

4/ Exhibit 3 hereto.

Secondly, the statute involved herein, 10 U.S.C. § 1124(f) provides that the total amount of the award may not exceed $25,000. Thus, under no circumstance would the plaintiff be entitled to the amount sought in his petition.

Additionally, by its express terms, the statute eliminates any claim the plaintiff might have had in this case by barring claims once an award is accepted. Specifically, 10 U.S.C. § 1124(d)(1) provides as follows:

> (d) A cash award under this section is in addition to the pay and allowances of the recipient. The acceptance of such an award shall constitute--
>
> (1) an agreement by the member that the use by the United States of any idea, method, or device for which the award is made may not be the basis of a claim against the United States by the member, his heirs, or assigns, or by any person whose claim is alleged to be derived through the member.... [Emphasis added]

Plaintiff having admitted in his petition that he accepted a total of $8,905.00 for his suggestion [Plaintiff's Pet. ¶¶ 8 and 10], is foreclosed from making any additional claims, assuming the Court were to decide that the statute created a claim for money damages. (See also Form AF 1000 signed by plaintiff; attached hereto as page 1 of Ex. 1.)

III. Plaintiff's Award Was Proper In All Respects.

Assuming arguendo, that the Court finds that plaintiff's petition states a claim upon which relief can be granted, plaintiff still has the burden of showing that the statutes and regulations involved were not followed or that the agency abused its discretion. Shaller v. United States, 202 Ct. Cl. 571, 596 (1973). While plaintiff has alleged this in his petition [¶¶ 11, 12 & 14), his petition falls short of meeting his burden of proof.

Specifically, the tangible benefits for plaintiff's suggestion were calculated under AFM 900-4, paragraph 5-3b(1)(a). This calculation was based on the first full year of operation and was computed as follows.

As mentioned above, paragraph 5-3b(1)(a) dictates that tangible benefits be calculated on the basis of the estimated net benefits for the first full year of

operation. Due to the nature of plaintiff's suggestion and the method of implementation, the Incentive Awards Panel determined that the first full year of operation in this instance could only be calculated from the start of assembly and checkout of the first squardron in Wing III. Based on this starting date, January 12, 1970, the first squardron of Wing III was completed and one-third of the second squardron was in the assembly and checkout phase within one calendar year (Wing III, Squardron 2 had commenced assembly and checkout on October 28, 1970). Squadron 3 did not start assembly and checkout until after January 11, 1971. The total savings for Squadrons 1, 2 and 3 was 13.6 million.5/ From this total savings, the panel had to determine how much was attributable to the first full year of operation. Accordingly, since only Squadron 1, and one-third of Squadron 2 were completed during the first year of operation, the total first year savings would be one-third plus one-ninth

---

5/ Based on plaintiff's letter of February 28, 1973, with correction dated March 9, 1973, plaintiff agrees with this figure. (See Exhibit 1, pp. 13-15.)

or four-ninths of 13.6 million dollars which is approximately 6.04 million dollars. Thus, under Table 5-1, plaintiff could have received up to $7,145 for tangible benefits.6/ Plaintiff requested a recomputation by the agency contending that his award for tangible benefits should have been computed under paragraph 5-1.b.(3) of AFM 900-4. Paragraph 5-1.b.(3) provides as follows:

> 5-1. Basis for Cash Awards.
>
> * * *
>
> b. Granting a cash award is subject to the following conditions:
>
> * * *
>
> (3). Cash awards are based only on benefits to operations supported by appropriated funds and attributable to the contributor's efforts. If a suggestion concerns the improvement of materials or services being purchased by the Air Force under contract and the change has been authorized and referred to the contractor by the appropriate Air Force official, the suggester

---

6/ As mentioned above, plaintiff actually received $7,905 for tangible benefits which clearly exceeds the maximum amount that he could have received under the regulation. The original award was based on net savings of $6.8 million. Also, it should be noted that the above computation is based on a subsequent attempt by the Incentive Awards Panel to recompute plaintiff's award since defendant has no records of the original computation. (See Exhibit 1, pp. 10-11.)

> may be considered for a cash award based on the net tangible or intangible benefits realized by the Air Force. Awards are not payable to Air Force personnel based on benefits to a contractor. [Emphasis added].

First of all, it should be noted that paragraph 5-1 of AFM 900-4 pertains to the "basis" of an award. The actual award must nevertheless be computed under the provisions of paragraph 5-3, "Computing Awards." In the instant case, both paragraphs were followed. In other words, plaintiff's award was "...based on the net tangible benefits realized by the Air Force," pursuant to ¶ 5-3 although clearly discretionary. However, consideration was limited to the net tangible benefits realized during the first full year of operation as per paragraph 5-3b(1)(a). Thus, no provision of AFM 900-4 was violated.

In the alternative, plaintiff argued that his award was improperly calculated under ¶ 5-3 in that the first 12 months of operation were not continuous. The above-cited regulation provides four determining factors which could extend the time period beyond the first 12 months. They are: trial periods, deferred implementation, a wider scope of application, or intermittent periods of use. The SAMSO/Norton Incentive Awards Panel upon recovening determined that neither factor was ap-

plicable to the implementation of plaintiff's suggestion. Again, it should be pointed out that the panel used the initial assembly and checkout date to begin the 12 month period of operation, which date was January 12, 1970, as opposed to the date which plaintiff suggests was used, August 16, 1968, the date upon which plaintiff's suggestion was adopted. Accordingly, even accepting plaintiff's theory of "deferred implementation," the computation by the Air Force would not be invalidated.

With respect to intangible benefits, the Incentive Awards Panel made its recommendation to General Martin. Their joint determination was that the intangible benefits derived from plaintiff's suggestion were best described under the terms of the manual as being of substantial value and general extent of application. (See AFM 900-4, page 5-7.) Under this classification, the maximum award is $1000 which is the award plaintiff received. Accordingly, no additional award to plaintiff is warranted for intangible benefits.

## Conclusion

For the above reasons, defendant respectfully requests that its motion for summary judgment be granted and plaintiff's petition dismissed.

Respectfully submitted,

BARBARA ALLEN BABCOCK
Assistant Attorney General
Civil Division

DONNIE HOOVER
Attorney, Civil Division
Department of Justice

Defendant's Exhibit 1

# SUGGESTION

HOW TO MAKE YOUR SUGGESTION

DISCUSS: Discussion with your supervisor is encouraged.
COMPLETE: Complete all blank spaces in Sections I and II, except "Suggestion No." In Section III enter "Subject of Suggestion" and your name and mailing address.
SIGN: Be sure to sign your suggestion in Section I.
ADD: Use additional sheets for drawings or pictures when necessary. Attach separate sheet for co-suggester Personal Data Information.
SUBMIT: Suggestion may be submitted through your supervisor, placed in a suggestion box, or mailed to the Suggestion Committee.

IMPORTANT! SUBMIT ALL SECTIONS OF THIS FORM - DO NOT DETACH ANY SECTION.

I. SUGGESTER'S PERSONAL DATA NOR-3323

NAME OF SUGGESTER (Last, First, Middle Initial) (Include Serial Number, if Military): GRIFFIN, JAMES R., Jr. - FV 3131657

HOME OR MAILING ADDRESS (Include ZIP Code): 380 Wier Rd., Apt. #14, San Bernardino, Calif. 92408

MR / MRS. / MISS / MS.: X (MR.)

GRADE: Captain

SOCIAL SECURITY NUMBER: 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

POSITION TITLE (Add AFSC, if Military): Project Officer - 2835A

INSTALLATION: Norton AFB, Calif.

ORGANIZATION AND/OR SYMBOL: SAMSO/SMQNM

OFFICE PHONE: 7013

SUBJECT OF SUGGESTION: Force Modernization of Wings II, III, V

I HEREBY AGREE THAT, UPON ACCEPTANCE OF A CASH AWARD(S), THE USE OF THIS SUGGESTION BY THE UNITED STATES SHALL NOT FORM THE BASIS OF A FURTHER CLAIM OF ANY NATURE UPON THE UNITED STATES BY ME, MY HEIRS, OR ASSIGNS

DATE: 25Apr68

SIGNATURE OF SUGGESTER: [signature]

MAY YOUR NAME BE USED DURING THE PROCESSING OF THIS SUGGESTION? [X] YES [ ] NO (If "No", do not complete First ... in Section II.)

AF 1000

1

# DEPARTMENT OF THE AIR FORCE

DEPARTMENT OF THE AIR FORCE · UNITED STATES OF AMERICA · MCMXLVII

# AWARD CERTIFICATE

AN AWARD OF $ 1,000

IS GRANTED TO

CAPT JAMES R. GRIFFIN

SSAN: 237629558 SAMSO/MNTD

## FOR

SUGGESTION NOR-3323-68, FORCE MODERNIZATION OF WINGS II, III, V.

INTANGIBLE BENEFITS
(PARTIAL PAYMENT)

21 July 72

ABNER B. MARTIN, Brig Gen, USAF
Deputy for Minuteman

# DEPARTMENT OF THE AIR FORCE

# AWARD CERTIFICATE

ADDITIONAL

AN AWARD OF $ 2,905.00

IS GRANTED TO

CAPTAIN JAMES R. GRIFFIN, JR.

SSN 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 SMQNM

FOR

SUGGESTION NOR-3323-68, FORCE MODERNIZATION OF WINGS II, III, V.

3 August 1971

ABNER B. MARTIN, Brig. General, USAF
Deputy for MINUTEMAN

# DEPARTMENT OF THE AIR FORCE

# AWARD CERTIFICATE

ADDITIONAL
AN AWARD OF $3,000.00
IS GRANTED TO

CAPTAIN JAMES R. GRIFFIN, JR.
SSN 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 SMQNM

## FOR

SUGGESTION NOR-3323-68, FORCE MODERNIZATION OF WINGS II, III, V

7 JULY 1970

KENNETH W. SCHULTZ, Maj Gen, USAF
Deputy for MINUTEMAN

# DEPARTMENT OF THE AIR FORCE

DEPARTMENT OF THE AIR FORCE · UNITED STATES OF AMERICA · MCMXLVII

# AWARD CERTIFICATE

AN ADDITIONAL AWARD OF $ 1,000.00

IS GRANTED TO

CAPTAIN JAMES R. GRIFFIN JR. SMQBM

## FOR

SUGGESTION MOR-3323-68, FORCE MODERNIZATION OF WINGS II, III, V

18 DECEMBER 1969

KENNETH W. SCHULTZ, MAJ GEN, USAF
Deputy for MINUTEMAN

# DEPARTMENT OF THE AIR FORCE

# AWARD CERTIFICATE

1,000

AN AWARD OF $1,000

IS GRANTED TO

CAPTAIN JAMES R. GRIFFIN JR. [illegible]

## FOR

SUGGESTION MOR-3323-68, FORCE MODERNIZATION OF WINGS II, III, V
SAVINGS $6,800,500.00

11 SEPTEMBER 1969

KENNETH W. SCHULTZ, Maj Gen, USAF
Deputy for MINUTEMAN