# In the United States Court of Federal Claims

**No. 05-909C**
**(Filed: June 8, 2006)**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **CARL L. SEALEY, and** | * | |
| **RONALD W. BARR,** | * | |
| | * | |
| **Plaintiffs,** | * | **Military Incentive Awards Program,** |
| | * | **10 U.S.C. § 1124; Failure to Allege a** |
| **v.** | * | **Money-Mandating Claim; Quantum** |
| | * | **Meruit.** |
| **THE UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

*Thomas J. Flaherty*, Hillsboro, OR, for plaintiff.

*John S. Groat,* U.S. Department of Justice, Washington, DC, with whom were *Peter D. Keisler, Assistant Attorney General* and *Director David M. Cohen,* for defendant. *Julius Rothlein*, U.S. Marine Corps, Arlington, VA, of counsel.

**ORDER OF DISMISSAL**

**FIRESTONE**, *Judge*.

This matter comes before the court on a motion by the United States ("government") to dismiss the above-captioned case pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). The plaintiffs, Carl L. Sealey and Ronald W. Barr ("plaintiffs"), are retired members of the Marine Corps. They filed the present action on August 19, 2005, seeking compensation for a crane lifting

system ("CLS") which the plaintiffs claim they "designed, constructed, tested and manufactured" for the United States Armed Forces. The plaintiffs concede that they received $25,000 from the Marine Corps for their effort. They contend, however, that they are entitled to substantially more money under the Marine Corps incentive awards program regulations. The government contends that under the legislation authorizing the Marine Corps' incentive awards program, 10 U.S.C. § 1124 (2000), the plaintiffs are not entitled to any more than $25,000.[1]

---

[1] Section 1124, of title 10, provides in pertinent part, as follows:

§ 1124. Cash awards for disclosures, suggestions, inventions, and scientific achievements

(a) The Secretary of Defense . . . may authorize the payment of a cash award to, and incur necessary expense for the honorary recognition of, a member of the armed forces under his jurisdiction who by his disclosure, suggestion, invention, or scientific achievement contributes to the efficiency, economy, or other improvement of operations or programs relating to the armed forces.

(b) Whenever the President considers it desirable, . . . the Secretary of Defense [is] authorized to pay a cash award to, and incur necessary expense for the honorary recognition of, a member of the armed forces who by his disclosure, suggestion, invention, or scientific achievement contributes to the efficiency, economy, or other improvement of operations of the Government of the United States. Such award is in addition to any other award made to that member under subsection (a).

* * *

(d) A cash award under this section is in addition to the pay and allowances of the recipient. The acceptance of such an award shall constitute-

(1) an agreement by the members that the use by the United States of any idea, method, or device for which the award is made may not be the basis of a claim against the United States by the member, his heirs, or assigns, or by any person whose claim is alleged to be derived through the member; and

* * *

(f) The total amount of the award, or awards, made under this section for a disclosure, suggestion, invention, or scientific achievement may not exceed $25,000, regardless of the

Oral argument was held on the government's motion on May 22, 2006. For the reasons that follow, the court agrees with the government and therefore grants the government's motion to dismiss.

**BACKGROUND**

As set forth in the complaint, the plaintiffs developed the CLS for loading and unloading military supply ships. According to the plaintiffs, the CLS has saved the United States Armed Forces "untold millions of dollars." In 1989, the plaintiffs submitted an application for a monetary award under the Marine Corps Military incentive awards program, as provided for in Marine Corps Order ("MCO") 1650.17F (Dec. 11, 1986). The plaintiffs sought an award for their "suggestion" regarding a "lifting device" to assist with loading and unloading ships.

MCO 1650.17F provides that "the [Commandant of the Marine Corps] has the authority to approve awards that do not exceed $7,500 based on tangible and intangible benefits." Id. Encl. 1 ¶ 2.a.[2] MCO 1650.17F also includes two tables that are at issue

---

number of persons who may be entitled to share therein.

(g) Awards under this section shall be made under regulations to be prescribed by the Secretary of Defense, . . . ."

[2] Navy and Department of Defense documents also limit the monetary amount that can be awarded by the Commandant of the Marine Corps. The first is the Secretary of the Navy Instruction ("SECNAVINST") 12451.3 (May 23, 1988), which implements 10 U.S.C. § 1124 in the Department of the Navy and authorizes MCO 1650.17F. SECNAVINST 12451.3 provides that "The [Department of the Navy] Awards Review Panel will review all individual civilian and military cash awards of more than $7,500." Id. ¶ 4.b. The second is the Department of Defense Civilian Personnel Manual 1400.25-M (Dec. 1996), which provides that any award pursuant to § 1124 "may not exceed $25,000." Id. Subch. 451 ¶ 8.4.1.

here: an Awards Scale For Tangible Benefits and an Awards Scale for Intangible Benefits. The Awards Scale for Tangible Benefits provides that "estimated first-year benefits" in excess of $100,000 are eligible for an award of "$3,700 for the first $100,000 plus .5 percent of benefits over $100,000." Id. App. A to Encl. 2. The Awards Scale for Intangible Benefits provides for a maximum award of $10,000. Id. App. B to Encl. 2. Finally, MCO 1650.17F provides that "the acceptance of a cash award, shall constitute an agreement that the use of the suggestion by the United States may not be the basis of a claim against the United States." Id. Encl. 1 ¶ 6.c.

The plaintiffs' application for an award was submitted to various individuals within the government and after much delay the plaintiffs finally received payments totaling $25,000.[3] The complaint states, "plaintiffs have not been paid as provided for under the Marine Corps Order except for $25,000 token payments in 1998 and 2002." In their complaint the plaintiffs seek payments above $25,000 on three grounds. First, they contend that the formulas in the two tables included in MCO 1650.17F provide for a much higher award based on the tangible and intangible benefits of the CLS to the government. The plaintiffs also charge that, to the extent the government misrepresented its authority to pay more than $25,000 to the plaintiffs by including the award tables in MCO 1650.17F, the government should be estopped from disavowing its obligation to

[3] Although the record before the court is unclear as to the amount that the plaintiffs received in awards related to tangible and intangible benefits, at oral argument the plaintiffs stated that they had received $25,000.

pay the amount provided for under the award tables. Second, the plaintiffs claim that the government breached an implied-in-fact contract with them by failing to provide them with the full amount of the award they claim they are entitled to under MCO 1650.17F. Finally, the plaintiffs contend that they are entitled to payment for the benefit they have provided the government based on the theory of quantum meruit.

## DISCUSSION

This case is before the court on a motion to dismiss. The government argues that all of the plaintiffs' claims must be dismissed for lack of jurisdiction on the grounds that the Commandant of the Marine Corps did not have any statutory, regulatory, or contractual obligation to award the plaintiffs more than $25,000 for their suggestion. The government further argues that the plaintiffs' claim for relief under the theory of quantum meruit must also be dismissed for lack of jurisdiction on the grounds that this court does not have jurisdiction over implied-in-law contract claims. Each argument will be examined in turn.

The government contends that the plaintiffs' claim based on MCO 1650.17F must be dismissed on the grounds that the plaintiffs have already received the maximum award to which they are entitled under the law. The government charges that when the applicable Marine Corps regulations are read in concert with the governing statute, 10 U.S.C. § 1124, it is clear that the plaintiffs are not entitled to any more than the $25,000 that they have already received for their CLS suggestion. Therefore, the government argues, the plaintiffs have failed to establish a claim for money damages.

Relying on Griffin v. United States, 215 Ct. Cl. 710, 714-715 (1978), the government argues that this court's jurisdiction is limited to claims of up to the $25,000 provided for in 10 U.S.C. § 1124. In Griffin, the court held that a plaintiff who had made a "suggestion" that was eligible for an award under circumstances similar to those at issue here, could maintain an action challenging the correctness of an award decision made pursuant to Air Force regulations implementing 10 U.S.C. § 1124. Id. at 714. The court concluded, however, that "[t]he statute, 10 U.S.C. § 1124(f), places a $25,000 limit on an incentive award, and plaintiff's further recovery, if any, would be limited by that ceiling." Id. at 715 n.1.[4] Because the plaintiffs have indisputably received the full amount authorized by law, the government contends the case must be dismissed.

Based on the holding in Griffin, the government contends that the plaintiffs' reliance on MCO 1650.17F to suggest that they may be entitled to more funds than authorized by 10 U.S.C. § 1124 is misplaced. The government contends that MCO 1650.17F does not authorize awards based on the maximum calculation provided for in the award tables for tangible and intangible benefits. Rather, the government argues that the tables provide a guide to the Marine Corps in granting awards up to the maximum amount authorized by the regulation, which is only $7,500.

[4] The plaintiffs argue that this statement is non-binding dicta because the issue of payment was not before the court. However, it is plain from the documents submitted to the court that among the issues before the Court of Claims was whether 10 U.S.C. § 1124 established an outer limit on any incentive award by the Air Force. As such, the above-quoted language is not dicta but is part of the Court of Claims' holding.

The plaintiffs argue in response that the tables are controlling and that the tables in effect "trump" the $7,500 limitation set forth in the regulation, as well as the $25,000 limitation set forth in the statute. The plaintiffs acknowledge the inconsistency in the regulation, but argue that the tables govern the outcome of an award. In addition, the plaintiffs argue that the government should be estopped from denying the plaintiffs the full amount they are entitled to under the tangible and intangible award tables in MCO 1650.17F.

The court agrees with the government that 10 U.S.C. § 1124 is controlling and that MCO 1650.17F does not authorize payments greater than the payment authorized by 10 U.S.C § 1124. Contrary to the plaintiffs' argument, "a regulation can not override a clearly stated statutory requirement." Aerolineas Argentinas v. United States, 77 F.3d 1564, 1575 (Fed. Cir. 1996). Indeed, a regulation is valid only if it is consistent with the statute under which it is promulgated. United States v. Larionoff, 431 U.S. 864, 873 (1977). Thus, the court finds that MCO 1650.17F limits any cash award to the $7,500 expressly provided for in the regulation.

In addition, the plaintiffs' contention that the court may simply ignore the $7,500 limit in the regulation is inconsistent with well-settled principles governing the construction of statutes and regulations which require that the court construe a statute or regulation to give effect and meaning to all of its terms. See Splane v. West, 216 F.3d

1058, 1068 (Fed. Cir. 2000).[5] As such, the court agrees with the government that the award tables provided for under MCO 1650.17F may only be read to provide the Commandant of the Marine Corps with a basis for making a cash award within the limits provided to him by the regulation. Thus, the award tables in MCO 1650.17F do not authorize an award above the $7,500 limit set forth in the regulation.

The plaintiffs' argument that this court has jurisdiction to consider their estoppel claim is also unsupported. Assuming, arguendo, that a claim for estoppel may lie against the government in connection with the incentive awards program, the plaintiffs have not alleged any grounds to support an estoppel claim.[6] The plaintiffs' estoppel claim is not based on any wrongdoing on the part of the government, but is instead based on the plaintiffs' misreading of the regulation. The plaintiffs' mistaken belief that they were eligible for a greater award based on the calculations authorized by the tables in MCO 1650.17F is not evidence of wrongdoing. While MCO 1650.17F may not be the model of clarity, it plainly states that the Commandant of the Marine Corps' authority to pay awards is limited to $7,500. The fact that these plaintiffs may not have read the regulation in its entirety or knew of the Commandant of the Marine Corps' limited authority is of no

[5] The rules of statutory construction apply when interpreting agency regulations. See Roberto v. Department of Navy, 440 F.3d 1341, 1349 (Fed. Cir. 2006).

[6] The government argues that under Office of Personnel Management v. Richmond, 496 U.S. 414, 426 (1990) (citations omitted) ("[J]udicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized."), the government should not be held liable for more than the $25,000 set by statute.

moment. The government correctly notes that all persons dealing with the government are charged with knowledge of the statutes and regulations governing the relationship, regardless of whether they had actual knowledge of the regulation. See Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947). In short, there is no factual basis for any estoppel claim.

For all of these reasons, the plaintiffs have failed to allege a money-mandating claim based on the language of MCO 1650.17F. The plaintiffs have received the maximum award they are entitled to under the law governing incentive awards payments provided for under 10 U.S.C. § 1124 and substantially more than the $7,500 authorized under MCO 1650.17F.[7] Therefore, the plaintiffs' claims based on the government's

---

[7] Moreover, the plaintiffs' contention that they would be entitled to substantial payments under MCO 1650.17F appears to be based on a misreading of the two award scale tables, specifically the table related to tangible benefits. The tangible award table provides that for "estimated first-year benefits" that are $100,001 or more, the amount of the award is to be "$3,700 for the first $100,000 plus .5 percent of benefits over $100,000." Id. App. A to Encl. 2. The plaintiffs have provided various calculations designed to demonstrate that this table can provide for an award that exceeds the statutory limit of $25,000. Pl.'s Resp. 5. However, in their calculations, the plaintiffs erroneously multiplied the benefits that exceed $100,000 by .05, rather than using .005, which is the correct number for the ".5 percent" that is provided for in the tangible benefits table.

The plaintiffs also rely on an internal Marine Corps "Action Brief," dated February 22, 1996, which appears to make the same mathematical error. Pl.'s Ex. 26. The Action Brief – in addition to recommending an award based on intangible benefits – recommended that, with regard to tangible benefits, the amount of the award should be either $208,700 (based on $4.2 million of benefits for three years) or $98,700 (based on $2 million in benefits for the first year). Pl.'s Ex. 26 at 4.

Subsequent memoranda within the Marine Corps and the Department of Defense do not indicate that either of the tables entitled the plaintiffs to an award exceeding $25,000. On September 30, 1996, the Commandant of the Marine Corps approved a $7,500 award to plaintiff Sealy based on intangible benefits. Pl.'s Ex. 27 at 1. The same memorandum noted that the plaintiffs' suggestion was being forwarded to the Department of Defense for consideration.

failure to comply with MCO 1650.17F must be dismissed.

For these same reasons, the government's motion to dismiss the plaintiffs' claim for breach of an implied-in-fact contract based on the government's failure to comply with MCO 1650.17F must be dismissed. MCO 1650.17F did not give rise to a contract claim for more than the maximum award authorized by the regulation. Accordingly, it cannot serve as a basis for an award beyond the amount authorized by that regulation, which is $7,500. Because the plaintiffs have received $25,000, the maximum award authorized by law, this court does not have jurisdiction to hear their breach of contract claim.

Finally, the plaintiffs' claim for money damages based on quantum meruit must be dismissed for lack of jurisdiction. The Federal Circuit has made it clear that this court does not have jurisdiction to provide quantum meruit, the remedy for implied-in-law contracts. "It is well established that the Court of Federal Claims does not have the power

---

Thereafter, a Department of Defense memorandum recommended a $13,200 award based on tangible benefits and an award of $10,000 in intangible benefits. Pl.'s Ex. 28. In a memorandum dated November 27, 1996 to the Commandant of the Marine Corps, the Deputy Chief of Staff, Installations and Logistics [Department of Defense], stated that the Department of Defense had evaluated the plaintiffs' CLS suggestion and that, "[t]o bring this long overdue case to closure, we recommend the following: a. The maximum intangible award of $10,000 be provided to the suggesters as soon as possible. . . . b. We also recommend that this suggestion be forwarded to the Incentive Awards Board for a tangible award consideration based on the 2 million dollar savings . . . . Our research and discussions with the LVS [Logistics Vehicle System] system users indicates the savings are much higher than $2M but we could not find the required documentation. In accordance with the tangible award scale provided in enclosure (2) [to MCO 1650.17F], the amount for award should be $3,700 for the first $100,000 plus .5% of benefits over $100,000 which equates to $13,200.00" Pl.'s Ex. 28 at 2.

As stated in the Department of Defense memorandum, based on the estimated $2 million in benefits for the first year, the formula specified in the Awards Scale for Tangible Benefits would have resulted in an award of $13,200 (assuming that an amount exceeding $7,500 had been approved by the Department of Defense) rather than a higher amount.

to grant remedies generally characterized as those implied-in-law, that is equity-based remedies, as distinct form those based on actual contractual relationships." Amer. Tel. & Tel. Co. v. United States, 124 F.3d 1471, 1479 (Fed. Cir. 1997) (citations omitted), further proceedings, 307 F.3d 1374 (Fed. Cir. 2002); Hercules v. United States, 516 U.S. 417, 423 (1996) ("We have repeatedly held that this jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law."). Thus, the plaintiffs' claim based on quantum meruit must be dismissed for lack of jurisdiction.

## CONCLUSION

For all of the reasons set forth above, this court does not have jurisdiction over any of the plaintiffs' claims. Accordingly, the government's motion to dismiss the case for lack of jurisdiction is **GRANTED**. Each party is to bear its own costs.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge